IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PHILIP H. COHN, ) | |
| ) | |
| Petitioner/Defendant, ) | |
| ) | CIVIL NO. 06-cv-762-MJR |
| vs. ) | |
| ) | CRIMINAL NO. 04-cr-30051 |
| UNITED STATES of AMERICA , ) | |
| ) | |
| Respondent/Plaintiff. ) | |

**MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

This action comes before the Court on Petitioner's motion for additional findings of fact and conclusions of law (Doc. 6).

Petitioner filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §2255 on October 4, 2006. The Court denied the motion on October 24, 2006, because of an enforceable waiver provision in Petitioner's plea agreement (Doc. 2). On November 9, 2006, Petitioner filed a motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e) (Doc. 4), which the Court denied on November 13, 2006 (Doc. 5).

Although styled a motion for additional finding of fact and conclusions of law, in the instant motion Petitioner asks, in essence, that the Court to take a *third* look at the claims presented in his section 2255 motion. Consequently, the Court construes this motion as a motion to reconsider the Court's order and judgment dismissing the case. Technically, a "Motion to Reconsider" does not exist under the Federal Rules of Civil Procedure. The Seventh Circuit has held, however, that a motion challenging the merits of a district court order will automatically be considered as having been filed pursuant to Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. *See, e.g.,*

*Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994); *United States v. Deutsch,* 981 F.2d 299, 300 (7th Cir. 1992).  As noted in *Deutsch*, "in cases where it is unclear whether a motion challenging a judgment on the merits is made under Rule 59(e) or Rule 60(b)," the date of service will determine how the motion will be treated.  Thus, "'if the motion is served within ten days of the rendition of judgment, the motion falls under Rule 59(e); if it is served after that time, it falls under Rule 60(b).'" *Id.* (citations omitted).

Judgment was entered in this action on October 24, 2006, but the instant motion was not filed until November 27, 2006, well after the 10-day period expired.  *See* FED.R.CIV.P. 59(e).  Therefore, as a Rule 59(e) motion, the motion is time-barred.

Under *Deutsch*, the Court will thus construe the motion as filed pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.  Rule 60(b) provides for relief from judgment for "mistake, inadvertence, surprise, or excusable neglect." FED.R.CIV.P. 60(b)(1).  However, the reasons offered by a movant for setting aside a judgment under Rule 60(b) must be something that could not have been employed to obtain a reversal by direct appeal.  *See, e.g., Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000); *Parke-Chapley Constr. Co. v. Cherrington*, 865 F.2d 907, 915 (7th Cir. 1989) ("an appeal or motion for new trial, rather than a FRCP 60(b) motion, is the proper avenue to redress mistakes of law committed by the trial judge, as distinguished from clerical mistakes caused by inadvertence"); *Swam v. United States*, 327 F.2d 431, 433 (7th Cir.), *cert. denied*, 379 U.S. 852 (1964) (a belief that the Court was mistaken as a matter of law in dismissing the original petition does "not constitute the kind of mistake or inadvertence that comes within the ambit of rule 60(b).").

Petitioner's argument that his counsel was ineffective in failing to challenge the inadequacy of the Rule 35 reduction does not suggest clerical mistake; instead, this argument challenges the

Court's legal determination that his motion be denied, which may be addressed in a direct appeal. Therefore, Plaintiff has not presented any argument warranting relief under Rule 60(b), and the instant motion (Doc. 6) is **DENIED**.

    **IT IS SO ORDERED.**

    **DATED this 29th day of November, 2006.**

                                        **s/ Michael J. Reagan**
                                        **MICHAEL J. REAGAN**
                                        **United States District Judge**